13-1366-cv
*Prescott v. Lee*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of December, two thousand fifteen.

PRESENT:
BARRINGTON D. PARKER,
PETER W. HALL,
SUSAN L. CARNEY,
*Circuit Judges.*

―――――――――――――――――――――――――――――

RONALD PRESCOTT,

      *Petitioner-Appellant*,

    v.                                                                        No. 13-1366-cv

WILLIAM LEE,

      *Respondent-Appellee*.

―――――――――――――――――――――――――――――

For Petitioner-Appellant:         SALLY WASSERMAN, New York, N.Y.

For Respondent-Appellee:         JILL K. OZIEMBLEWSKI (Leonard Joblove and Howard B. Goodman, *on the brief*), *for* Kenneth P. Thompson, Kings County District Attorney, Brooklyn, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Ronald Prescott appeals from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision.

Prescott was convicted in 2009, after a jury trial in New York Supreme Court, of second-degree murder and second-degree criminal possession of a weapon in connection with the killing of Phillip Mason. Both Prescott and Mason had been romantically involved with the same woman—Ella Pack.

At trial, the prosecution presented the testimony of Pack, who testified, *inter alia*, that she had dropped off Mason to meet Prescott shortly before his murder. The prosecution also presented the testimony of Dwayne Herbert, who knew both Prescott and Mason. Herbert testified that he bumped into Prescott on the street shortly before the murder and that Prescott smelled of alcohol and had jokingly pulled a .38 caliber revolver on him. Herbert also testified that he later heard two gunshots, observed Prescott "scuffling a little bit" with Mason, who was unarmed, and then saw Prescott fire four to six gunshots at Mason as Mason fled. Defense counsel vigorously challenged Herbert's credibility on cross examination based on, *inter alia*, his criminal record and admitted heroin use on the night of the murder.

2

Prescott presented an alibi defense through this aunt, who testified that Prescott was at her home on the night of the murder. She also testified that she had not told police during an interview two days after the murder that she did not know whether Prescott had been at her home at the time of the murder because Prescott was "a grown man" who "comes and goes all the time." E.D.N.Y. No. 11-cv-482, CM/ECF Doc. 12-6 (Trial Tr.) at 263–65. Her testimony was subsequently impeached by a rebuttal witness, one of two detectives who had interviewed her two days after the murder. The details of that interview were memorialized in a complaint follow-up report, and that report had been provided to Prescott's defense counsel before trial.

The jury found Prescott guilty. He was sentenced principally to a term of imprisonment of 25 years to life, which he is currently serving.

While his direct appeal was pending, Prescott moved to vacate the judgment pursuant to New York Criminal Procedure Law § 440.10. Prescott argued that his trial counsel rendered ineffective assistance by, *inter alia*, presenting an alibi witness who "was effectively destroyed by a police rebuttal witness, even though the impeachment evidence had been memorialized in a report that had been furnished to the defense before trial." J.A. at 19. The trial court rejected this argument and denied Prescott's motion. That court concluded that "the record, when viewed objectively, reveals the existence of a trial strategy that might well have been pursued by a reasonably competent attorney." J.A. at 45 (internal quotation marks and alteration omitted). The state appellate court subsequently denied Prescott's application for leave to appeal.

On direct appeal from his conviction, Prescott again argued that trial counsel was ineffective for presenting an impeachable alibi defense. The state appellate court rejected that

3

argument, concluding that Prescott had "failed to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings." J.A. at 48.

In 2011, Prescott petitioned in the Eastern District of New York for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He contended that the state courts' rejection of his ineffective assistance of counsel claim was based on an unreasonable application of federal law. The district court denied the petition, and we granted a certificate of appealability on the following issue: "whether trial counsel rendered ineffective assistance by advancing the alibi defense," 2d Cir. No. 13-1366-cv, CM/ECF Doc. 24 (Order).

We review *de novo* the district court's denial of a petition under 28 U.S.C. § 2254. *Harris v. Kuhlmann*, 346 F.3d 330, 342 (2d Cir. 2003).

A federal court may not grant habeas relief under § 2254 "with respect to any claim that was adjudicated on the merits in State court" unless the state court decision either (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). A federal court may override a state court ruling only if it was "so lacking in justification that there was . . . [no] possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Prescott's claim of ineffective assistance was subject to *Strickland v. Washington*, 466 U.S. 668 (1984), requiring that he demonstrate both (1) that his attorney's performance was objectively unreasonable (a standard that affords counsel "wide latitude . . . in making tactical decisions"), and (2) that the deficiency prejudiced his defense. *Id.* at 687–89. Because Prescott now challenges under § 2254 the state courts' denial of his *Strickland* claim, "'[t]he pivotal question' for the

4

federal habeas court 'is whether the state court[]s['] application of the *Strickland* standard was unreasonable.'" *Santone v. Fischer*, 689 F.3d 138, 154 (2d Cir. 2012) (quoting *Richter*, 562 U.S. at 101) (first alteration in original). "The standards created by *Strickland* and § 2254(d) are both highly deferential"; a federal collateral attack on a state court's *Strickland* ruling is therefore subject to a "doubly" deferential standard. *Richter*, 562 U.S. at 105 (internal quotation marks omitted).

We agree with the district court that Prescott has failed to demonstrate his entitlement to habeas relief. Prescott's petition challenges conduct by counsel that fits trial strategy—the decision to pursue an alibi defense, and attack the credibility of the only witness to have placed Prescott at the scene of the crime, to the exclusion of other defenses that would have conceded Prescott had killed Mason. That strategy may not have been winning, but the states courts' finding that it was not objectively unreasonable was not itself unreasonable. While Prescott now faults his trial counsel for pursing an impeachable alibi defense at the expense of an intoxication defense, the only evidence of intoxication was Herbert's testimony that Prescott smelled of alcohol. Prescott's arguments based on *Henry v. Poole*, 409 F.3d 48, 65 (2d Cir. 2005), moreover, are not persuasive. In *Henry*, we concluded that a state court unreasonably applied federal law when it determined that trial counsel's presentation of "an alibi[,] that was clearly given for the wrong day," was not objectively unreasonable. 409 F.3d at 52. Prescott's alibi, however, was not so clearly inadequate—the testimony of his alibi witness was merely subject to impeachment and set up a credibility contest between the alibi witness and the interviewing detective for the jury to resolve. Prescott's assertion that *Henry* is nevertheless controlling on the

5

grounds that trial counsel "never subjected the prosecution's case to *any* actual adversarial testing," Appellant's Br. at 23–24, is flatly contradicted by the record.

We have considered Prescott's remaining arguments and find them to be without merit. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6